UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILES FAISON,

       Plaintiff,                 CIVIL ACTION NO. 13-cv-15014

  v.                            DISTRICT JUDGE PAUL D. BORMAN

STATE FARM FIRE AND        MAGISTRATE JUDGE MONA K. MAJZOUB
CASUALTY COMPANY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter involves an insurance dispute between Plaintiff Miles Faison and Defendant State Farm Fire and Casualty Company regarding a February 19, 2013 fire at 19980 Packard, Detroit, Michigan. (Docket no. 1-2.) Before the Court is Defendant's Motion for Orders to Show Cause Regarding Subpoenaed Non-Party Witnesses Renee Glenn and Renee Franklin. (Docket no. 30.) No response has been filed. The Motion has been referred to the undersigned for consideration. (Docket no. 31.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(e)(6)(B).

### I.    RECOMMENDATION

For the reasons stated herein, Defendant's Motion for Orders to Show Cause Regarding Subpoenaed Non-Party Witnesses Renee Glenn and Renee Franklin (docket no. 30) should be **GRANTED** as follows:

(1) Subpoenaed Non-Party Witnesses Renee Glenn and Renee Franklin should be ordered to appear before the Honorable Paul D. Borman on a date certain to show cause why they should not be held in civil contempt for failing to comply with Defendant's subpoenas;

(2) Unless Ms. Glenn and Ms. Franklin satisfactorily show cause as to why they have not fully complied with Defendant's subpoenas, they should be held in civil contempt of court by the District Judge; and

(3) Ms. Glenn and Ms. Franklin should be ordered to purge themselves of the contempt by fully complying with the subpoenas.

## II.     REPORT

### A.     Certified Facts

"Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt.  Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B)."  *U.S. v. Hendrickson*, No. 06-11753, 2010 WL 2318770, at *1 (Apr. 16, 2010).  This section provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).

Pursuant to Federal Rule of Civil Procedure 45(g), failure to obey a subpoena without adequate excuse is conduct punishable by contempt; accordingly, the undersigned certifies the following facts:[1]

1. Plaintiff initiated this action on November 27, 2013, in the Wayne County Circuit Court, alleging that Defendant breached its insurance contract with Plaintiff by failing to make prompt payment of Plaintiff's claims, among other things, following a fire at a property owned by Plaintiff. (Docket no. 1-2.)

2. Defendant removed the case to this Court on December 11, 2013. (Docket no. 1.)

3. Defendant believes that Renee Glenn was one of Plaintiff's neighbors and a fact witness regarding the location of Plaintiff's vehicle on the night prior to the fire. (Docket no. 30 at 5.)

4. Defendant subpoenaed Ms. Glenn to appear for a deposition on three separate occasions, in September, November, and December 2014.[2] (Docket no. 30-2.)

5. Ms. Glenn failed to appear for each deposition. (Docket no. 30 at 5.)

6. Defendant believes that Renee Franklin was one of Plaintiff's neighbors who first noticed the fire at Plaintiff's home. (*Id.*)

7. In December 2014, Defendant served Ms. Franklin with a subpoena duces tecum, commanding her to appear for a deposition on January 13, 2015, and to bring certain documents with her to the deposition. (Docket no. 30-3.)

8. Ms. Franklin failed to respond to or comply with the subpoena. (Docket no. 30 at 5.)

9. Defendant filed the instant Motion for Orders to Show Cause Regarding Subpoenaed Non-Party Witnesses Renee Glenn and Renee Franklin on February 17, 2015. (Docket no. 30.)

10. In its Motion, Defendant asserts that the depositions of Ms. Glenn and Ms. Franklin are essential to discovery regarding the cause of the fire and whether Defendant is subject to liability for any alleged damages. (*Id.* at 6.)

11. As relief, Defendant requests that the Court issue orders to show cause why Ms. Glenn and Ms. Franklin should not be held in contempt of court and orders compelling Ms. Glenn and Ms. Franklin to comply with the subpoenas. (*Id.* at 6-7.)

---

[1] Because the facts of this matter are undisputed, the undersigned finds it unnecessary to hold a fact-finding hearing before certifying the facts in accordance with 28 U.S.C. § 636(e)(6)(B).

[2] It is unclear whether Defendant's December 2014 subpoena was properly served on Ms. Glenn. (*See* docket no. 30-2 at 7-8.)

**B.    Discussion**

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas for the discovery of information from third parties.  Rule 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  It is within the court's sound discretion whether to hold an individual in contempt, but such a sanction "should not be used lightly."  *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 378 (6th Cir. 2003).  Moreover, when contempt is sought by a party, the party seeking contempt must demonstrate by clear and convincing evidence that the individual "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."  *M & C Corp. v. Erwin Behr GmbH & Co.*, 289 F. App'x 927, 935 (6th Cir. 2008) (internal quotations omitted).  Any ambiguity in the Court's order is resolved "in favor of the party charged with contempt."  *Id.*  The burden then shifts to the individual charged with contempt to make a categorical and detailed showing that compliance is impossible.  *U.S. v. Rylander*, 460 U.S. 752, 757 (1983); *U.S. v. Conces*, 507 F.3d 1028, 1043 (6th Cir. 2007).

The certified facts outlined above support a finding of civil contempt.  The record indicates that all but one of Defendant's subpoenas to Ms. Glenn and Ms. Franklin were properly served in this matter (*see* docket nos. 30-2 and 30-3), and Defendant has clearly demonstrated that Ms. Glenn and Ms. Franklin violated the subpoenas by failing to appear for their depositions.  The subpoenas were not ambiguous.  Furthermore, neither Ms. Glenn nor Ms. Franklin has filed an objection, moved to quash the subpoenas, or responded to Defendant in any manner.

**C.     Conclusion**

For the reasons set forth above, it is recommended that the Court **GRANT** Defendant's Motion for Orders to Show Cause Regarding Subpoenaed Non-Party Witnesses Renee Glenn and Renee Franklin (docket no. 30) as follows:

(1) Subpoenaed Non-Party Witnesses Renee Glenn and Renee Franklin should be ordered to appear before the Honorable Paul D. Borman on a date certain to show cause why they should not be held in civil contempt for failing to comply with Defendant's subpoenas;

(2) Unless Ms. Glenn and Ms. Franklin satisfactorily show cause as to why they have not fully complied with Defendant's subpoenas, they should be held in civil contempt of court by the District Judge; and

(3) Ms. Glenn and Ms. Franklin should be ordered to purge themselves of the contempt by fully complying with the subpoenas.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  June 18, 2015            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Renee Glenn at 19971 Packard, Detroit, Michigan 48234; Renee Franklin at 19965 Packard, Detroit, Michigan 48234; and Counsel of Record on this date.

Dated:  June 18, 2015            s/ Lisa C. Bartlett
                                 Case Manager